*729 ROSS, Judge
(concurring specially).
The people of Minnesota have entrusted us with the humbling authority necessary to resolve their pressing conflicts. But their constitution gives us no more authority than that. We must therefore do our duty, when exercising that authority, to overcome the temptation to reach beyond the extant conflict just to pronounce some new rule of law. I write separately because the majority too broadly decides this case, pronouncing a new constitutional rule of law when clearly none is required. The majority broadly holds that “[t]he inevitable-discovery exception to the exclusionary rule is limited to physical evidence” and “does not apply to statements.” But neither our federal nor our state supreme court has established this categorical rule, and the circumstances here do not compel us to do so either. We should therefore judge only the conflict before us and leave the constitutional rule-making for a future case that truly requires it.
Superior courts have wisely and routinely emphasized the principle that I think is overlooked today. Our state supreme court declares it repeatedly: “Our general practice is to avoid a constitutional ruling if there is another basis on which a case can be decided.” Erlandson v. Kiffmeyer, 659 N.W.2d 724, 732 n. 7 (Minn.2003). “It is well-settled law that courts should not reach constitutional issues if matters can be resolved otherwise.” In re Senty-Haugen, 583 N.W.2d 266, 270 n. 3 (Minn.1998). “This court does not decide important constitutional questions unless it is necessary to do so in order to dispose of the case.” State v. North Star Research & Dev. Inst., 294 Minn. 56, 81, 200 N.W.2d 410, 425 (1972). The point cannot be overstated; those declarations of judicial restraint, according to the United States Supreme Court, should guide our approach to every question that baits us to declare or modify a constitutional rule:
If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality unless such adjudication is unavoidable. It has long been the Court’s considered practice not to decide abstract, hypothetical or contingent questions or to decide any constitutional question in advance of the necessity for its decision or to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied or to decide any constitutional question except with reference to the particular facts to which it is to be applied.
Rescue Army v. Mun. Ct. of Los Angeles, 331 U.S. 549, 570 n. 34, 67 S.Ct. 1409, 1420, 91 L.Ed. 1666 (1947) (quotations and citation omitted).
I will not challenge substantively the majority’s new rule that the inevitable-discovery doctrine never applies to any statement at any time under any circumstance. I observe in passing, however, that the rule is not uniformly accepted in the federal courts. See, e.g., United States v. Mohammed, 512 Fed.Appx. 583, 589-90 (6th Cir.2013) (holding that the inevitable-discovery doctrine renders the defendant’s statements admissible because he “would have been asked the same questions under substantially similar circumstances” and would have made “materially similar” statements under either the hypothetical lawful or actual unlawful police course). I instead write separately to clarify that I disagree with the majority’s decision to declare a new constitutional rule where we can, and therefore should, easily resolve the appeal on much narrower ground.
Appellant Kyle McClain gives us that narrow ground. He argues that “the trial court’s decision to admit [his] ... statement was speculative, and application of the inevitable discovery doctrine was *730 therefore improper.” This simple argument persuades me, and, according to the majority’s analysis, the argument also persuades the majority. Because the actual circumstances of the unlawful police contact that led to the challenged statement differ so substantially from the timing and circumstances of the hypothetical, inevitable lawful police contact that would have occurred, one must indeed engage in speculation to conclude that McClain would have said substantially the same thing had police followed the lawful course.
The majority rightly identifies the circumstances making this so, and it correctly determines, “The extent to which [McClain’s] statement would have changed ... is unknowable.” And that should be the end of it. Put plainly, we should reverse simply because the inevitable-discovery doctrine does not apply to speculative circumstances, Nix v. Williams, 467 U.S. 481, 444 n. 5, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984), and in this case one would have to speculate to conclude that the circumstances of both the actual and the hypothetical police contact with McClain would have yielded substantially the same statement. Because caselaw informs us that the inevitable-discovery doctrine cannot apply to the challenged statement in this case under these circumstances, we have no occasion to pronounce a new, categorical constitutional rule that it can never apply to any statement under any circumstances.
We clearly do not need to decide the constitutional question to dispose of this case. If we are going to step out ahead of the Supreme Court of the United States to declare new constitutional law, we should wait until it is necessary to do so. The majority decides much more than is necessary. I therefore concur only in the result.